Argued September 13, affirmed September 29, 1965

## WASSOM ET UX v. STATE TAX COMMISSION

406 P. 2d 151

*Sam Kyle,* Albany, argued the cause for appellants.

On the brief were Willis, Kyle, Emmons & Kropp, Albany.

*Gerald F. Bartz*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Carlisle B. Roberts, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, GOODWIN, LUSK and SCHWAB, Justices.

SCHWAB, J. (Pro Tempore)

Plaintiffs, Mr. and Mrs. Wassom, appeal from a decision of the tax court, 1 OTR Adv Sh 433, resulting in an income tax assessment on compensation received by them from the highway commission as severance damages to land and buildings under threat of condemnation.

There is no dispute as to the facts. Plaintiffs owned a single unit farm of approximately 1,170 acres in Linn county. In 1958, under threat of condemnation proceedings, plaintiffs gave an option to the State Highway Department on an 18-acre strip running through their farm as right of way for Interstate 5, a non-access freeway. The option which was thereafter exercised fixed a price for the 18 acres being taken, "including all damages * * * by reason of the taking and use thereof * * *." The defendant tax commission at one time contended that the total amount paid should be applied to the 18 acres actually taken for income tax purposes. In a ruling from which the commission did not appeal, the tax court held that the portion of the money paid plaintiffs representing the

purchase price for the property taken was to be treated separately from the amount paid as severance damages. Thus that issue is not before this court.

The taking of the 18-acre strip separated about one thousand acres of plaintiffs' land from the remaining 150 acres upon which the farm buildings were situated. In this opinion we use the word "land" in its restricted sense, i.e., "ground" as distinguished from "ground and buildings thereon." The highway commission paid the plaintiffs $22,375 as severance damage to the property retained, allocating $15,575 to the retained land and $6,800 to the buildings damaged by virtue of becoming "over improvements." The fairness of this allocation is not challenged. Plaintiffs had no remaining basis in the buildings.

The tax court upheld the tax commission's rulings which were:

- (a) The $15,575 paid for damage to land went to reduce plaintiffs' basis in the land;
- (b) The plaintiffs having no remaining basis in the buildings, the $6,800 was subject to a capital gains tax as income to the plaintiffs during the calendar year 1958.

Plaintiffs contend the total amount paid as damages, $22,375, should be applied to reduce the plaintiffs' basis in the retained property as a whole, both land and buildings. Since their basis in the land was more than $22,375 the use of such formula would not result in a taxable gain.

The Oregon State Tax Commission regulation covering the tax consequences of this transaction is Reg. 316.105 (1)-(A) which states in pertinent part, "Damages paid on account of injury to a business property

or asset, which represent merely compensation for * * * diminution in value not in excess of the adjusted basis of such property or capital asset, are not income."

■ Plaintiffs contend that the measure of damages to retained property in condemnation actions is the diminution of the value as a whole and that, in fixing the measure of damages, the ground and the buildings affixed to the ground are regarded as a single unit, citing *Santiam Lumber Co. v. Conhaim,* 218 Or 220, 344 P2d 247, and *State Highway Comm'n. v. Bailey et al,* 212 Or 261, 319 P2d 906. This is a correct statement of the law of condemnation but it has no bearing on the tax consequences of such transactions. To hold otherwise would be to hold that land and buildings must have a single basis for tax purposes. This would be contrary to tax laws and regulations which generally permit depreciation of improvements to land but not of the land itself, thereby requiring separate bases for land and improvements.

■ In the field of taxation, land and the improvements on it are commonly treated separatley. Real property owners receive a single property tax bill from the assessor covering both land and the improvements. None the less, the assessor arrives at his total valuation by valuing separately the land and the structures on it. In the income tax field, both owner and tax collector treat land separately from buildings. Negotiations between purchasers of business realty and income tax agencies in which the purchasers seek income tax benefits by placing a high proportion of the purchase price on buildings and a low proportion on land are commonplace.

Plaintiffs concede that the pertinent federal in-

come tax law is substantially identical to that of Oregon and state that they have found no Oregon authority upon the question presented, nor any federal decision involving the factual situation before us. The defendant tax commission has cited no cases on the precise issue. However, *Pioneer Real Estate Co. v. Commissioner,* 47 BTA 886, cited by plaintiffs in their brief, is analogous and in that case the court construed the federal rule in the same manner as the Oregon regulation was construed in the court below. The federal tax court was concerned with the tax consequences of an award for severance damages and explicitly stated that the amount received for damage to the land retained should be applied to the taxpayer's basis in the land and the amount received for damages to the building on the retained land should be applied to the taxpayer's basis in the building. The opinion refers to "bases" of remaining property as distinguished from "basis."

Plaintiffs had reduced their separate basis in the buildings to zero. Thus, to paraphrase the regulation, the amount plaintiffs received as damages for diminution in value of the building was in excess of the adjusted basis of such property, was income, and was subject to tax.

Affirmed.